**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FELIPE ANTONIO GARCIA DE PAZ,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-09197-JLT-HBK

A-Number: 213-277-385

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Docs. 1, 2)

Before the Court is Felipe Antonio Garcia De Paz's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 36-year-old native and citizen of Guatemala. (Doc. 1 at ¶ 19.) He entered the United States on July 12, 2019, with his then-five-year-old son, Nelson, seeking asylum from persecution in Guatemala. (*Id.*) Following their arrival, immigration officials detained Petitioner and his son for several days before releasing them from custody. (*Id.*) On July 16, 2019, Petitioner was served with a Notice to Appear, charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 7-1 at 7.) Petitioner has an

application for asylum pending before the Immigration Court and possesses employment authorization valid through December 10, 2029. (Doc. 1 at ¶ 22.) He has supported his family by working in construction in New Jersey and New York. Petitioner has never been arrested for a crime anywhere in the world. (*Id.*) Yet, on October 18, 2026, Petitioner was arrested and taken into ICE custody following a targeted enforcement operation in Amherst, New York. (*Id.* at ¶¶ 23-26.) Petitioner is currently detained at the California City Detention Facility in California City, California. (*Id.* at ¶ 34.)

On November 8, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at ¶¶ 55-64.) On November 16, 2026, Respondents filed a response to the petition, in which they assert the detention authority in this case is 8 U.S.C. §1226(a) and that Petitioner failed to exhaust his administrative remedies. (*See* Doc. 7.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their opposition to the habeas petition, Respondents contend that immediate release is not the appropriate remedy because Petitioner failed to exhaust his administrative remedies before bringing this habeas action. (Doc. 7 at 4.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas

petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

As a threshold matter, pursuit of the available administrative remedy—namely, a custody redetermination hearing before an IJ pursuant to 8 C.F.R. § 1236.1(d)(1)—is inadequate and inefficacious, given that there is nothing in the record indicating Petitioner was provided with a Form I-286 Notice of Custody Redetermination despite him being detained for nearly one month. (*See* Doc. 7.) Not only would administrative remedies be inadequate and ineffective to cure Petitioner's lack of pre-deprivation procedures, but Petitioner's continued wrongful detention will result in irreparable injury for the reasons set forth in this Court's Order in *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 (E.D. Cal. Jan. 29, 2026). On the facts of this case, the court concludes that waiving the prudential exhaustion requirement is appropriate.

**B. Due Process**

Respondents do not dispute that Petitioner was initially detained in July 2019, then released on his own recognizance. (Doc. 7 at 2.) Nor do Respondents make any attempt to distinguish this case from the many decisions granting immediate release when Respondents fail to demonstrate any circumstances that would warrant a finding that a Petitioner is a flight risk or a

danger to the community. *See Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, for the reasons stated in the orders cited above, the court concludes that petitioner's detention without notice and a pre-detention hearing violates due process and will order petitioner's immediate release

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
3. The Clerk of Court is directed California City Detention Facility in California City, California, with a copy of this Order.

///

////

///

///

///

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 17, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE